IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHEILA DINGER,

    Plaintiff,

v.

BENZIE COUNTY; BENZIE COUNTY
ANIMAL CONTROL;
JAMIE CROEL, in her individual and official capacity and
KYLE MAURER, in his individual and official capacity.

    Defendants.
_____/

HON.

Case No.

**VERIFIED COMPLAINT**

Michelle M. McLean (P71393)
Jake W. Lombardo (P74416)
Bolhouse, Hofstee & McLean, P.C.
Attorneys for Plaintiff Sheila Dinger
3996 Chicago Dr SW
Grandville, MI 49418
616-531-7711
michellem@bolhouselaw.com
jakel@bolhouselaw.com

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff Sheila Dinger, by and through her attorneys and for her Verified Complaint against the above-named Defendants states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Sheila Dinger is an individual residing in Benzie County, Michigan.

2. Defendant Benzie County is a governmental entity organized and authorized under Michigan law. Its principal office is located at 448 Court Place, Beulah, Michigan.

1

3. Defendant Benzie County Animal Control is an agency of the State Government and a subdivision of the County of Benzie, which is organized and existing under the Constitution and the laws of the State of Michigan.

4. Defendant Jamie Croel was, at all times relevant, an employee of Benzie County in the capacity of an animal control officer.

5. Defendant Kyle Maurer was, at all times relevant, an employee of Benzie County in the capacity of an animal control officer.

6. Subject matter jurisdiction is appropriate pursuant to 28 U.S.C. § 1331.

7. The claims alleged herein arise under the Constitution of the United States as well as 42 U.S.C. § 1983.

8. Venue is appropriate pursuant to 28 U.S.C. § 1391.

## COLOR OF STATE LAW

9. The foregoing allegations are restated herein.

10. At all relevant times, Defendants Croel and Maurer were acting under color of state law.

11. Particularly, Croel and Maurer acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Michigan and its political subdivisions, including Benzie County.

## FACTS

12. The foregoing allegations are restated herein.

13. Ms. Dinger previously resided at 7444 Potter Street, Thompsonville, Michigan 49683.

14. On or about December 12, 2017 deputy sheriff Michael Ramsey served an eviction order on Ms. Dinger.

15. Croel and Maurer appeared along with Ramsey, allegedly to take possession of Ms. Dinger's animals, which animals included: two Newfoundland dogs, one Chihuahua, one mixed breed dog, three horses, one cat, and a bunny.

16. There had been no prior instances or allegations of animal cruelty, abuse or neglect against Ms. Dinger.

17. As the animals were being seized, neither Maurer nor Croel could provide Ms. Dinger with any reason as to why her animals were being taken from her.

18. Ms. Croel actually advised Ms. Dinger that the animals appeared to be healthy and that Ms. Dinger should not worry about the animals.

19. In spite of these assurances, Ms. Dinger never consented to the removal of her animals.

20. Regardless, Ms. Dinger believed at that time that Benzie County was attempting to help her.

21. Ms. Dinger could have easily found housing for her pets, free of charge.

22. In fact, the horses that were seized were being lawfully boarded on Ms. Dinger's neighbor's property and could have remained there in spite of the eviction.

23. Two days later Mr. Maurer informed Ms. Dinger that she had seven days to collect her pets and that her "bill" was getting larger and larger.

24. Mr. Maurer indicated that her "bill" was $880.

25. Mr. Maurer further indicated that Ms. Dinger could not pick up her animals unless the "bill" was paid in full, but that if she surrendered her pets, the bill would be waived.

26. Ms. Dinger stated that she would come and get her pets.

27. Mr. Maurer refused, stating that Benzie County would have to inspect the animals' new housing prior to releasing Ms. Dingers' pets back to her.

28. Ms. Dinger informed Mr. Maurer that she had housing secured for her pets.

29. Mr. Maurer then refused to release Ms. Dingers' pets, claiming that the animals were required to physically live at the same place that Ms. Dinger was living.

30. When Ms. Dinger arrived at Animal Control on December 16, 2017 she was able to pet her two newfoundland dogs who were outside in a fenced in area.

31. Ms. Dinger was then handed "surrender papers" and was told that she could not see her animals unless she agreed to say goodbye to them and surrender them.

32. Ms. Dinger was further advised that her "bill" would be over $2,000 if she did not surrender her animals at the end of the seven-day period.

33. The receptionist at Animal Control then stated that Ms. Dinger should surrender some of her animals.

34. Ms. Dinger, who at this time was in an emotional state of distress, unwillingly surrendered her two horses and her bunny over to Benzie County.

35. At this time, she was informed that she could still not see any of her pets unless she surrendered all of them to Benzie County.

36. Ms. Dinger then desperately attempted to contact Defendant Maurer, leaving several messages for him, attempting to get a written invoice so that her bill could be paid in full.

37. Ms. Dinger finally reached Mr. Maurer on the seventh day following the seizure. Mr. Maurer informed Ms. Dinger that he did not have the bill ready and that it would take him a while to compute it.

38. Mr. Maurer requested that Ms. Dinger call him back later that day.

39. Ms. Dinger did call Mr. Maurer back later that day, several times, leaving several messages.

40. Mr. Maurer did not answer nor did he return Ms. Dinger's phone calls.

41. The next Monday morning Mr. Maurer answered the phone when Ms. Dinger called and informed her that "the animals are ours now."

42. Ms. Dinger contacted Benzie County Administrator Mitch Deisch, who set up a meeting between Ms. Dinger and Animal Control officials on February 21, 2018.

43. Ms. Dinger learned at that meeting that one of her beloved horses that had been with her for 24 years, had been killed by Animal Control.

44. Ms. Dinger further learned that the rest of her pets had been adopted to new owners.

45. Ms. Dinger was, at no time, presented with any paperwork, complaints, tickets, citations, notices, or invoices that would either support the removal of her animals, explain the process for getting them back or supporting the bill she had allegedly racked up.

46. To this day, Ms. Dinger has not been provided with any information regarding why her pets were taken from her.

47. To this day, Ms. Dinger's pets have not been returned.

## COUNT I – VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 AND PROCEDURAL DUE PROCESS AGAINST INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND ATTORNEYS FEES

48. The foregoing allegations are restated herein.

49. Ms. Dinger has a life, liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment.

50. Specifically, Ms. Dinger's pets were not only property that belonged to Ms. Dinger, but also part of her family.

51. The emotional attachment to a family animal is not comparable to a possessory interest in furniture. *San Jose Charter of the Hells Angels Motorcycle Club v City of San Jose*, 402 F.3d 962, 975 (9th Cir. 2005).

52. Ms. Dinger was deprived of her aforementioned interests in her pets, within the meaning of the Due Process Clause.

53. Defendants did not afford Ms. Dinger adequate procedural rights prior to the deprivation of her interests, namely notice and an opportunity to be heard.

### COMPSENSATORY DAMAGES

54. Under 42 U.S.C. § 1983, Ms. Dinger is entitled to an award of compensatory damages against each individual defendant in their individual capacities.

55. Compensatory damages include mental anguish and suffering. *Moreno v Hughes*, 2016 U.S. Dist. LEXIS 5697 (E.D. Mich. Jan. 19, 2016).

## PUNITIVE DAMAGES

56. The individual Defendants' actions were:

   a. Reckless;

   b. Showed callous indifference toward the rights of Plaintiff; and

   c. Were taken in the face of a perceived risk that the actions would violate federal law.

57. Ms. Dinger is entitled to an award of punitive damages against each individual defendant in their individual capacity, in order to punish them and to deter others.

## ATTORNEY'S FEES

58. 42 U.S.C. § 1988 provides for an award of attorney's fees to the prevailing party in addition to non-taxable expenses and costs.

WHEREFORE, Plaintiff, Sheila Dinger, requests a judgment under 42 U.S.C. § 1983 and 1988 against the individual Defendants in their individual capacities, for the return of her animals, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorneys fees, for non-taxable expenses and costs and whatever other relief this Court may deem just and appropriate.

### COUNT II – VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 AND PROCEDURAL DUE PROCESS AGAINST GOVERNMENT DEFENDANTS FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND ATTORNEYS FEES

59. The same factual allegations supporting Plaintiff's Count I also support Plaintiff's Count II and are therefore restated and re-alleged as though fully stated herein.

60. Local governmental bodies and agencies may be sued for deprivation of constitutional rights if those rights are violated consistent with a governmental custom or policy. *Monell v Dep't of Social Services of City of New York*, 436 U.S. 658, 690 (1978).

61. The Benzie County Animal Control Enforcement Ordinance, as adopted, not only permits but actually encourages the seizure of animals without providing adequate procedural safeguards, including a citation or notice of violation, and a right to be heard.

62. Consistent with the ordinance, Ms. Dinger did not receive any citation, notice of violation or notice of any kind supporting Defendants' seizure of her pets.

63. Benzie County, Benzie County Animal Control and the individual defendants in their official capacities deprived Ms. Dinger of a property interest protected by the Due Process Clause without providing adequate procedural safeguards and consistent with the Benzie County Animal Control Ordinance.

## COMPENSATORY DAMAGES

64. Under 42 U.S.C. § 1983, Ms. Dinger is entitled to an award of compensatory damages against the Government defendants.

## ATTORNEY'S FEES

65. 42 U.S.C. § 1988 provides for an award of attorney's fees to the prevailing party in addition to non-taxable expenses and costs.

WHEREFORE, Plaintiff, Sheila Dinger, requests a judgment under 42 U.S.C. § 1983 and 1988 against Benzie County, Benzie County Animal Control and the individual

Defendants in their official capacities, jointly and severally, for the return of her animals, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for non-taxable expenses and costs and whatever other relief this Court may deem just and appropriate.

## COUNT III – VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 AND FOURTH AMENDMENT VIOLATION FOR ILLEGAL SEARCH AND SEIZURE AGAINST BENZIE COUNTY, BENZIE COUNTY ANIMAL CONTROL, INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES AND IN THEIR OFFICIAL CAPACITIES.

66. The same factual allegations supporting Plaintiff's Counts I and II also support Plaintiff's Count III and are therefore restated and re-alleged as though fully stated herein.

67. Defendants' conduct, specifically the unwarranted and unconsented seizure of Ms. Dinger's pets, constitutes a seizure.

68. Defendants' seizure of Ms. Dinger's pets was unreasonable under the circumstances for at least the following reasons:

   a. Defendants' seized Ms. Dinger's animals while she was being evicted from her home;

   b. At the time of the eviction, Ms. Dinger's horses were being boarded lawfully on her neighbor's property;

   c. Defendants did not inquire as to whether Ms. Dinger had secured housing for the remainder of her animals;

   d. Consistent with the Benzie County Animal Control Ordinance, Defendants did not provide a citation, notice of violation or any support for the seizure of Ms. Dinger's pets;

e. Defendants were not acting in response to a complaint of abuse or neglect;

f. Ms. Dinger had never been the subject of a complaint or investigation for abuse or neglect; and

g. Ms. Dinger's pets were in good health, were not in immediate need, and did not pose a danger to themselves, other animals, individuals or property.

## **COMPENSATORY DAMAGES**

69. 42 U.S.C. § 1983 provides for an award of compensatory damages against the individual defendants in their individual capacities.

70. Because the individual defendants were acting pursuant to the Benzie County Animal Control Ordinance, which permits and encourages unlawful searches and seizures, 42 U.S.C. § 1983 also permits the recovery of compensatory damages against Benzie County, Benzie County Animal Control and the individual defendants in their official capacities.

## **ATTORNEY'S FEES**

71. 42 U.S.C. § 1988 provides for an award of attorney's fees to the prevailing party in addition to non-taxable expenses and costs.

WHEREFORE, Plaintiff, Sheila Dinger, requests a judgment under 42 U.S.C. § 1983 and 1988 against Benzie County, Benzie County Animal Control and the individual Defendants in their official capacities, jointly and severally, for the return of her animals, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorneys fees, for non-taxable expenses and costs and whatever other relief this Court may deem just and appropriate.

## COUNT IV – STATE LAW STATUTORY CONVERSION AGAINST INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

72. The same factual allegations supporting Plaintiff's Counts I-III also support Plaintiff's Count IV and are therefore restated and re-alleged as though fully stated herein.

73. Conversion is an act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.

74. Defendant's seizure, execution and relocation of Ms. Dinger's animals was a distinct act of dominion wrongfully exerted over Ms. Dinger's property, in denial with her rights.

WHEREFORE, Ms. Dinger requests that this Court enter judgment in her favor and against the individual defendants in their individual capacities including an award of treble damages, costs and attorney's fees pursuant to M.C.L. 600.2919a.

Dated: May 16, 2018   By:   /Michelle M. McLean/
                            Michelle M. McLean (P71393)

                            Grandville State Bank Building
                            3996 Chicago Drive SW
                            Grandville MI 49418
                            Phone: (616) 531-7711

                            Attorneys for Plaintiff Sheila Dinger

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated: May 16, 2018   By:   /Michelle M. McLean/
                            Michelle M. McLean (P71393)

                            Grandville State Bank Building
                            3996 Chicago Drive SW
                            Grandville MI 49418
                            Phone: (616) 531-7711

                            Attorneys for Plaintiff Sheila Dinger

## VERIFICATION CLAUSE

I have reviewed the allegations in this Verified Complaint. I have personal knowledge of the allegations made and I declare under penalty of perjury that the same are true.

Dated: 05/16/18, 2018

_Sheila Dinger_
Sheila Dinger