IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHEILA DINGER,

    Plaintiff,

v.

BENZIE COUNTY; BENZIE COUNTY
ANIMAL CONTROL;
JAMIE CROEL, in her individual and official capacity and
KYLE MAURER, in his individual and official capacity.

    Defendants.
_____/

HON. GORDON J. QUIST

Case No. 1:18-cv-00556-GJQ-PJG

| | |
|---|---|
| Michelle M. McLean (P71393)<br>Jake W. Lombardo (P74416)<br>Bolhouse, Hofstee & McLean, P.C.<br>Attorneys for Plaintiff Sheila Dinger<br>Grandville State Bank Building<br>3996 Chicago Drive SW<br>Grandville, MI 49418<br>616-531-7711<br>michellem@bolhouselaw.com<br>jakel@bolhouselaw.com | Allan C. Vander Laan (P33893)<br>Cummings, McClorey, Davis & Acho, PLC<br>2851 Charlevoix Drive, SE, Suite 327<br>Grand Rapids, MI 49546<br>616-975-7470<br>avanderlaan@cmda-law.com |

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for September 6, 2018. Appearing before the Court as counsel will be:

Jake W. Lombardo, counsel for Plaintiff; and

Allan Vander Laan, counsel for Defendants.

    1.    <u>Jurisdiction</u>: The Court has original jurisdiction pursuant to 42 USC § 1331.

    2.    <u>Jury or Non-Jury</u>: This case is to be tried before a jury.

3.      Judicial Availability: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of final judgment.

4.      Geographic Transfer: The parties are advised of the possibility pursuant to W.D. Mich. L Civ R 3.3(h) of a transfer of the action to a judge located in a different city, on the basis of the convenience of counsel, the parties, or witnesses. Reassignment of the action shall be at the discretion of the court and shall require consent of all parties and of both the transferor and transferee judge. The Parties do not believe that a transfer for geographic convenience is warranted in this case.

5.      Statement of the Case: This case involves claims for alleged violations of civil rights and procedural due process.

   a. Plaintiff's Statement of the Case: Ms. Dinger's animals (two horses, a cat, four dogs, and a rabbit) were seized from her without notice, without cause and without justification, by Defendants. The individual Defendants, employed by Benzie County Animal Control and acting under color of state law refused to return Ms. Dinger's animals to her, secreted the animals away and killed one of Ms. Dinger's horses. Because the individual Defendants were acting pursuant to and consistent with the Benzie County Animal Control Enforcement Ordinance, which encourages the seizure of animals without the provision of adequate procedural safeguards and a right to be heard, the governmental Defendants are liable for all recoverable damages, including punitive damages, compensatory damages and attorney's fees.

    b. Defendant's Statement of the case.  Defendants deny any liability or wrongdoing in this matter.  Individual Defendants appeared at a foreclosure at the request of the Sheriff's Department to remove Plaintiffs' animals.  They discovered some of the animals were neglected and in need of medical care.  Plaintiff's ex-husband and daughter assisted in loading the horses.  Consistent with all laws and local ordinances the animals were either placed with those who could care for them and/or received medical care.  Plaintiff voluntarily surrendered two horses and a rabbit.  When Plaintiff did not pay the required fees within the requisite time period the remainder of the animals became property of the County.  One horse was over twenty years old and a veterinarian decided it would be best to euthanize her.  Plaintiff's daughter took another horse and a dog.  The remaining animals (after receiving medical care), a horse, three dogs, a cat, and a rabbit were adopted out.  Defendant further relies on its Answer and Affirmative Defenses.

6.     <u>Pendent State Law Claims</u>:  This case presently involves a single pendent state law claim for statutory conversion pursuant to MCL 600. 2919a.

7.     <u>Joinder of Parties and Amendment of Pleadings</u>:  The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings within 30 days of completion of the Rule 16 conference.

8.     <u>Disclosures and Exchanges</u>:

(i) Plaintiff will make Rule 26(a)(1) disclosures within 45 days after completion of the Rule 16 Conference. Defendants will make Rule 26(a)(1) disclosures within 45 days after completion of the Rule 16 Conference.

(ii) Plaintiff expects to be able to furnish the names of Plaintiff's expert witness(es) within 60 days of the completion of the Rule 16 Conference. Defendants expect to be able to furnish the names of Defendants' expert witnesses within 90 days of the completion of the Rule 16 Conference.

(iii) It would not be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P 26(a)(2). The parties agree to conduct expert discovery concerning their experts in the normal course.

(iv) The Parties have agreed to make available the following documents without the need of a formal request for production:

> From Plaintiff to Defendants:
>
> From Defendants to Plaintiff within 45 days of completion of the Rule 16 Conference:   Plaintiff has received documents through two FOIA requests to Benzie County.

9. Discovery:   The Parties believe that all discovery proceedings can be completed within six months of the Rule 16 Conference. The Parties recommend the following discovery plan:

> The Parties agree that Rule 26(a)(3) disclosures be made 30 days prior to trial. In addition, the parties agree that the number of interrogatories and depositions set forth by the Federal Rules are sufficient.

10. Disclosure or Discovery of Electronically Stored Information:

00756069-1

The Parties have discussed the production of electronically stored information and suggest that such information be produced in "native format" as used in the ordinary course of business. ESI may be transmitted to each party via e-mail (.pdf), thumb drive, CD-ROM or similar device.

11.   <u>Assertion of Claims of Privilege or Work Product Immunity After Production</u>:

The Parties agree that if information is subject to a claim of privilege or work-product immunity and is inadvertently disclosed to opposing counsel, the party making the claim must notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party has disclosed it before being notified; and may promptly present the information to the court for a determination of the claim. The Parties will stipulate to the entry of a mutually acceptable confidentiality protective order.

12.   <u>Motions</u>:  The parties acknowledge that W.D. Mich. L CivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party:

a. <u>Plaintiff Proposes</u>.  Plaintiff anticipates that it may file a motion for summary judgment following the completion of discovery.

b. <u>Defendant Proposes</u>.  Defendants will file a Motion for Summary Judgment.

Both Parties propose that all dispositive motions will be filed no later than 45 days after the close of discovery.

13. <u>Alternative Dispute Resolution:</u>   The Parties recommend that this case be submitted to voluntary facilitative mediation with a mediator selected by the Parties.

14. <u>Length of Trial</u>: Counsel estimates that trial will last approximately 4 full days, allocated as follows: 2 days for Plaintiff's case, and 2 days for Defendant's case.

15. <u>Prospects of Settlement</u>:   The status of settlement negotiations is:   There were some early discussions regarding settlement.   Those discussions stalled and litigation was commenced.

16. <u>Electronic Document Filing System</u>: The Parties recognize that pursuant to Local Civil Rule 5.7(a), the parties are required to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempt by the Court for cause or a particular document is not eligible for electronic filing under the rule. The parties will abide by this rule.

17. <u>Other.</u>

Dated: _____          /Allan C. Vander Laan/
                                        Allan C. Vander Laan (P33893)


Dated: _____          /Jake W. Lombardo/
                                        Jake W. Lombardo (P74416)